(No. 13402.—Decree affirmed.)
SUSAN J. COHAGAN, Defendant in Error, *vs.* ELMER E. COHAGAN, Plaintiff in Error.

*Opinion filed October 23, 1920.*

1. JUDGMENTS AND DECREES—*when failure of divorce decree to make specific finding as to residence is not fatal.* Failure of a divorce decree to contain a specific finding that the complainant, at and before the time she filed her bill, was a resident of the county where the suit was brought is not fatal, where it clearly appears from the findings of the decree that the complainant was entitled to the relief awarded and that the cause for divorce arose in said county, where she had purchased a residence and which she occupied as her home.

2. DIVORCE—*when suit to set aside deed may be joined with suit for divorce.* A suit for divorce is a case in equity although the jurisdiction of the court is derived from the statute, and a suit to set aside a deed may be joined with a suit for divorce where both suits grow out of the same difficulties and where the facts necessary to establish the complainant's suit in the one case are the same as are necessary to establish her right to relief in the other.

3. SAME—*when complainant need not prove a year's residence in Illinois.* Complainant in a suit for divorce based upon acts of cruelty committed in Illinois is not required to prove that she has resided in Illinois for a whole year next preceding the filing of the bill, but it is sufficient if she proves that she is an actual resident of the county where the bill is filed.

4. PLEADING—*when different causes may be joined in one bill.* Where the parties are the same and the various causes set forth in the bill may be more conveniently tried in a single suit, and where no unreasonable hardship will be caused but a multiplicity of suits will be avoided, it is proper to join the causes in one bill.

WRIT OF ERROR to the Circuit Court of Morgan county; the Hon. NORMAN L. JONES, Judge, presiding.

BELLATTI, BELLATTI & MORIARTY, for plaintiff in error.

WILLIAM N. HAIRGROVE, and THOMPSON & THOMPSON, for defendant in error.

Mr. Justice Thompson delivered the opinion of the court:

December 31, 1919, defendant in error, Susan J. Cohagan, filed her bill of complaint in the circuit court of Morgan county asking that she be granted a divorce from her husband, Elmer E. Cohagan, and asking that a certain deed be set aside as a cloud upon her title to certain real estate. The bill alleged that defendant in error was a resident of the city of Jacksonville, Morgan county, Illinois, and that she had continuously resided there for more than a year immediately preceding the filing of her bill of complaint. The bill charged that plaintiff in error had repeatedly beaten, choked and otherwise cruelly ill-treated defendant in error and had repeatedly threatened to take her life. The bill further alleged that defendant in error was compelled to support herself by her own labor, and that with money earned by her she purchased a residence property in the city of Jacksonville; that when plaintiff in error learned of this purchase he compelled her, by abusive treatment and by threatening to take her life, to deed to him an undivided one-half interest in said real estate. Plaintiff in error was made defendant to this bill, was served with summons by the sheriff of Morgan county, and was enjoined from interfering with defendant in error, from entering her home, and from disposing of the half interest in her property to which he held a deed. Plaintiff in error interposed no defense to this suit and the decree was entered by default.

The evidence was not preserved by certificate, and plaintiff in error contends that the findings in the decree are not sufficient to support it. He contends that the decree did not find as a fact that defendant in error had resided in the State of Illinois for more than a year next preceding the filing of her bill, nor did it find as a fact that the proceedings were had in the county where defendant in error resided. We held in *Becklenberg* v. *Becklenberg,* 232 Ill. 120, that

where the evidence is not preserved in the record the findings of the decree must be so full and specific that it appears from the decree that there was evidence sufficient to sustain it. The decree submitted to the court was not carefully prepared, and it does not contain a specific finding that defendant in error was a resident of Morgan county, Illinois, at and before the time she filed her bill of complaint. The decree recites that the court found from a consideration of the oral testimony of witnesses sworn and examined in open court that the plaintiff in error on divers days and at divers times had beaten, kicked, choked and otherwise cruelly ill-treated defendant in error; that on or about October 22, 1918, in the city of Jacksonville, county of Morgan and State of Illinois, plaintiff in error struck defendant in error a violent blow and knocked her down, bruising and injuring her; that on the night of the same day he went to the home of defendant in error at about ten o'clock and broke open the door of the house in a violent manner; that he then carried a revolver in one hand and a hatchet in the other and threatened to kill defendant in error and was prevented from carrying out his threats by the son of defendant in error. The decree further finds that defendant in error was compelled to support herself by taking in washing and doing other hard labor, and that prior to March, 1915, from money thus earned, she purchased a residence property situated in Jacksonville, Morgan county, Illinois; that she has no other property and that she lived in this property and occupied it as her home. The findings of the decree with respect to the charges of cruelty were sufficiently full and specific to warrant the relief awarded, and, in fact, there is no contention that plaintiff in error is not guilty of all that is charged against him. It is true that the decree does not specifically find that defendant in error resided in Morgan county at the time she filed her bill, and yet we think that when the whole decree and all the reasonable intendments to be drawn therefrom are consid-

ered, the findings in the decree sufficiently show that the court had jurisdiction of the parties and the subject matter. While it was necessary for defendant in error to show that she was an actual resident of Morgan county at the time she filed her bill, it was not necessary for her to show that she had resided in the State one whole year next before filing her bill, where the offense complained of was committed within this State. We think it clearly appears from the findings of this decree that plaintiff in error maliciously assaulted defendant in error in an attempt to take her life, and that this assault occurred in the city of Jacksonville, Morgan county, Illinois.

Plaintiff in error further contends that it is improper to join a suit to set aside a deed, which is cognizable under the general equity powers of the court, with a suit for divorce, the jurisdiction of which depends on a statute, and cites in support of his contention, *Stephens* v. *Collison,* 249 Ill. 225. The authority relied on lays down a rule directly contrary to that contended for by plaintiff in error. Because the jurisdiction of a court of equity to entertain a bill for divorce is derived from the statute a divorce suit is not made any the less a case in equity. The suit for divorce and the suit to set aside the deed grew out of the same difficulties, and the facts necessary to establish the complainant's suit in one case would be practically the same facts necessary to establish her case in the other suit. Where the parties are the same and the various causes set forth in the bill may more conveniently be tried in a single suit, and where it will avoid a multiplicity of suits and no unreasonable hardship will be caused the party against whom the relief is asked, it is proper to join the causes in one bill. *Anderson* v. *Anderson,* 293 Ill. 565.

The decree of the circuit court is affirmed.

*Decree affirmed.*