(No. 25357.—■)
WILEY HITCHCOCK, Appellee, *vs.* WINIFRED HITCHCOCK, Appellant.

*Opinion filed February 21, 1940—Rehearing denied April 3, 1940.*

C. N. LEACH, for appellant.

EHRLICH & COHN, (AARON H. COHN, of counsel,) for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellant, Winifred Hitchcock, seeks reversal of a decree of the superior court of Cook county granting appellee a divorce and decreeing partition of certain real estate owned by them in joint tenancy. The charge in the divorce complaint was that appellant had been guilty of extreme and repeated cruelty toward the plaintiff on specified dates, because of which he was compelled to leave the family home December 29, 1933, whereby appellant was guilty of constructive desertion. Appellant answered, charging that ap-

pellee had condoned the acts of cruelty complained of and charging the appellee with extreme and repeated cruelty towards her, and that he had deserted her without cause and failed and refused to support her and their minor child, later deceased, except under compulsion of court order. The answer also alleges contribution toward the purchase of the real estate on the part of appellant. It is also alleged in the answer that the cruelty charged in the complaint was identical with the acts charged in a bill previously filed by appellee in the circuit court of Cook county, which was dismissed with his consent, for want of equity, and that by reason of that dismissal the charge of cruelty had become *res judicata*. Appellant filed a counterclaim seeking a money judgment against the appellee to reimburse her for the support of their child and for the necessary expense of the child's last illness. Appellee replied admitting the filing of the former suit for divorce and its dismissal. In his reply to appellant's counterclaim he denied the allegations of contribution in her answer and her charges of failure to support.

A hearing on the complaint, answer and reply was had before the chancellor who commented, in his finding, on the manner and demeanor of the parties while testifying, to the apparent advantage of appellee in that regard. He found that the acts of cruelty charged had been proved. It is unnecessary and it would serve no useful purpose to discuss the evidence in detail.

In her cross-complaint appellant neither asks for separation nor divorce, but asks for financial relief only. It appears from the evidence that most of the arguments appellee and appellant had arose over financial matters. For a number of years appellee has been a teacher in the public schools in the city of Chicago, with a salary ranging from $3300 to $3600 per year. The record shows that between 1925 and 1932, the parties had a joint savings account which was accumulated by appellee giving his salary war-

rant to appellant and a deposit of it by her in this account, and also from some earnings by her. The accumulated account amounted to $11,000 in 1932. Thereafter, appellant sought to have a trust declared in the amount, for her benefit and that of their infant son. On the hearing of that cause, a decree was entered dividing this account equally between the parties. It was also found in that decree that during the time of accumulation, and subsequent to January 25, 1935, appellant had a separate account, unknown to appellee, in which accumulations had amounted to over $4000.

It is clear from the record that instead of appellant being in need during the time she complains of, she had ample money to support herself and their minor child; that during the time appellee was away from the home, he paid her, at first, $50 and later, $25 per week, on orders of court, and that, in 1935, appellant had over $9600 in cash, regardless of any earnings she may have had of her own. These facts appeared by a decree of the court in the previous action between these parties referred to, and one of the causes of complaint here, on appeal, is that the court erred in admitting that decree in evidence. It is sufficient to say from the recital of the facts just above given, which were found in the decree, that it was not error to admit it.

Appellant urges that the court erred in decreeing partition of real estate owned in joint tenancy and in overruling appellant's motion to dismiss the complaint on the ground that charges therein were *res judicata,* and in dismissing appellant's counterclaim for want of equity. In support of her first contention her counsel argues that a complaint for divorce does not authorize partition of property held as joint tenants. Cases are cited holding that a decree for partition is not authorized by the Divorce act. These, however, do not support the contention of appellant in this case. This suit was one for divorce and for

partition of property owned by the parties jointly. Both complaints grow out of the same difficulties. The parties are the same and the various causes set forth in the complaint may be more conveniently tried in a single suit, thus avoiding multiplicity of suits. No unreasonable hardship was caused the appellant and it was not error to join the complaint for partition and the complaint for the divorce. (*Murphy* v. *Murphy*, 343 Ill. 234; *Cohagan* v. *Cohagan*, 294 id. 439; *Anderson* v. *Anderson*, 293 id. 565.) This contention cannot be sustained.

Nor is there merit to appellant's contention that the overruling of her motion to dismiss the complaint on the ground of *res judicata* was error. The record shows, without contradiction, that the dismissal of appellee's first bill for divorce was on his motion, before any evidence was heard. It is the rule in this State that a plaintiff may, on his own motion, dismiss his complaint at any time before trial or hearing, provided no cross-complaint or counter-claim has been filed. (*Fischheimer* v. *Kupersmith*, 258 Ill. 392; *Pingrey* v. *Rulon*, 246 id. 109; *Reilly* v. *Reilly*, 139 id. 180; Ill. Rev. Stat. 1939, chap. 110, par. 176.) The dismissal before the hearing of evidence or the filing of a cross-bill amounted to dismissal without prejudice.

Appellant's counsel contends that the evidence does not support the decree for divorce. The witnesses were heard and seen by the chancellor, he thus having an advantage this court does not possess, to study their demeanor and fairness or lack of it. It was his duty to determine the credibility of the witnesses and his finding in that regard will not be disturbed if the record justifies the decree, as it does in this case. *Floberg* v. *Floberg*, 358 Ill. 626; *Reinken* v. *Reinken*, 355 id. 539.

Appellant also argues that the decree in this case unlawfully deprives her of her freehold estate of homestead. Where husband and wife are joint tenants in real estate,

upon which they reside as a homestead, they are jointly seized of a homestead in the land. (*Stocker* v. *Curtis,* 264 Ill. 582; *Lininger* v. *Helpenstell,* 229 id. 369.) Section 5 of the statute on Exemptions, (Ill. Rev. Stat. 1939, chap. 52, par. 5,) provides that in cases of divorce the court granting the same may dispose of the homestead estate according to the equities of the case. The divorce in this case was granted for appellant's fault on a record that justified such decree.

There is no error in the record and the decree is affirmed.

*Decree affirmed.*