MARY R. MacLENNAN *vs.* ANGUS D. MacLENNAN.

Suffolk.    February 4, 1942. — June 23, 1942.

Present: FIELD, C.J., QUA, COX, & RONAN, JJ.

*Marriage and Divorce*, Equitable causes of action. *Husband and Wife. Equity Jurisdiction*, Husband and wife. *Probate Court*, Jurisdiction, Striking out portion of pleading. *Equity Pleading and Practice*, Striking out portion of pleading. *Trust*, Express trust: what constitutes. *Joint Tenants. Personal Property*, Ownership.

A Probate Court had jurisdiction under G. L. (Ter. Ed.) c. 208, § 33, as appearing in St. 1936, c. 221, § 1, of a petition in equity by a wife against her husband, filed in a pending divorce proceeding between the parties in that court and amended between the time of entry of a decree nisi and the time of its becoming absolute, seeking a determination of the parties' rights in certain property standing in their names jointly.

A motion to strike out a portion of the answer to a petition in equity in a Probate Court on the ground that such portion states no defence is anomalous.

Allegations, that stocks were purchased with money of a husband and that the certificates were taken in the names of him and of his wife jointly only to protect her in case of his predeceasing her and with an understanding that the stocks should remain his property and that she should not have nor claim any "title" or "present interest" therein, sufficiently averred that whatever interest she had in the stocks was charged with an express trust for his benefit.

PETITION IN EQUITY, filed in the Probate Court for the county of Suffolk on September 16, 1940, in divorce proceedings commenced on July 16, 1940.

Certain matters were reported by *Wilson*, J.

*W. P. Everts*, for the petitioner.

*G. H. Lucey*, (*J. H. Amsbury* with him,) for the respondent.

QUA, J. The parties were formerly husband and wife. On December 10, 1940, a decree nisi for divorce was granted by the Probate Court in favor of the wife against the husband. At some time before the decree nisi was entered a "Bill in Equity," or petition, by the wife against the husband was filed in the divorce proceeding. The purpose of the petition, as disclosed by an amended or substitute petition allowed by the court on January 27, 1941, was to ascertain the interests of the respective parties in a list of stocks the certificates of which stood in the names of husband and wife "As joint tenants with right of survivorship and not as tenants in common," and to enforce rights of the wife therein. The judge has reported for our determination the correctness of his action in three interlocutory matters: (1) the overruling of the husband's demurrer to the amended petition, (2) the denial of the wife's motion to strike out certain portions of the husband's answer to the amended petition, and (3) the overruling of the wife's demurrer to a counterclaim filed by the husband.

1. On the husband's demurrer to the wife's amended petition the question arises whether the Probate Court had jurisdiction to entertain the petition. The amended petition alleges that the stock certificates stand in the names of both parties as joint tenants in the form hereinbefore set forth; that they were bought by husband and wife with money which previously stood in savings banks and coöperative banks in their names "jointly with right of survivorship"; and that the husband refuses to transfer to the wife "her share" of the stocks and of the dividends; and prays that the court determine the interest of the parties in the stocks and the dividends, and that the court order the husband to turn over to the wife "her interest" in the dividends.

 Chapter 208 of the Tercentenary Edition of the General Laws is entitled "Divorce." Section 33 of that chapter, as amended, reads: "The court may, if the course of proceeding is not specially prescribed, hear and determine all matters coming within the purview of this chapter according to the course of proceedings in ecclesiastical courts or in courts of equity, and may issue process of attachment and execution and all other proper and necessary processes. In such proceedings the court shall have jurisdiction in equity of all causes cognizable under the general principles of equity jurisprudence, arising between husband and wife, such jurisdiction to be exercised in accordance with the usual course of practice in equity proceedings." The last sentence of the section, with which we are here particularly concerned, was added by St. 1936, c. 221, § 1. That statute is entitled, "An Act conferring equity jurisdiction in divorce and separate support proceedings of causes in equity between husband and wife." Its provisions are plain. It confers upon "the court" which hears a matter "coming within the purview of" c. 208 (or of § 32 of c. 209, relating to separate support; see c. 209, § 33, as amended) jurisdiction "of all causes cognizable under the general principles of equity jurisprudence" between the husband and the wife. The new jurisdiction is to be exercised "In such proceedings": that is, as a part of the proceedings begun under c. 208 (or under § 32 of c. 209), but it is to be exercised "in accordance with the usual course of practice in equity proceedings." These conditions would seem to be best satisfied by the filing in the original divorce suit or other proceeding begun under c. 208 (or under § 32 of c. 209) of a petition setting forth the cause of action in equity. See *Lord* v. *Cummings*, 303 Mass. 457, 459. That was the procedure here adopted. Thereafter, although the suit in equity, with all that pertains to it, is a part of the original proceeding, it pursues a separate path to a separate end of its own "in accordance with the usual course of practice in equity proceedings." Pleadings, orders, decrees, and other papers pertaining to the equity matter would properly be entitled and filed in the original proceeding under c. 208 (or under § 32 of c. 209),

but should be in some manner specially designated as applicable to the asserted cause of action in equity.

It is not difficult to discover reasons for the amendment of 1936. Causes of action in equity between husband and wife would commonly, if not always, relate to property rights, about which controversies are likely to arise at the time of divorce or separate support proceedings. Questions of title may well require decision before the court can deal properly with issues relating to alimony and to other forms of allowances under c. 208 or under § 32 of c. 209. The existence of a readily available method of settling disputes over property completely and finally in the same court which deals with the marital relations of the parties may be a substantial aid in the efficient administration of justice. Before the amendment of 1936 it had been held that libels for divorce were on the law side of the court, although the procedure was assimilated to that "in ecclesiastical courts or in courts of equity" (G. L. [Ter. Ed.] c. 208, § 33; *Greenia* v. *Greenia,* 206 Mass. 449, 450), and that a petition to determine the wife's property rights could not be engrafted upon a divorce proceeding. *Patterson* v. *Patterson,* 197 Mass. 112. *Adams* v. *Holt,* 214 Mass. 77. The statute of 1936 was intended to change the law as formerly declared.

The present case falls within the jurisdiction conferred by the amended statute. The original petition in equity was filed in the divorce case before the decree nisi was entered. Even when the amendment to the original petition was allowed the divorce cause was still pending, since the decree nisi had not then become absolute. G. L. (Ter. Ed.) c. 208, § 21, as amended by St. 1934, c. 181, § 1. *Eldridge* v. *Eldridge,* 278 Mass. 309, 312. *Diggs* v. *Diggs,* 291 Mass. 399, 401. We do not intimate that a petition in equity properly brought under the amended statute in the divorce proceeding might not be amended after a decree of divorce became absolute. Moreover, we see no reason why such a petition may not be carried on to a final decree of its own, whatever disposition may have been made of the main divorce cause in the meantime. After the question of title to property has been duly raised by

the petition, the final decree may deal with the state of the title at the time it is entered in order that the decree may be adapted to the then existing conditions. *Giles* v. *Giles*, 293 Mass. 495, 498–500. *Bell* v. *Treasurer of Cambridge*, 310 Mass. 484, 488. We think that this is all the parties meant by their stipulation that their rights in the securities should be determined as if the petition had been filed after the date when the divorce became absolute. The petition in equity set forth a cause "cognizable under the general principles of equity jurisprudence." *McKenzie* v. *McKenzie*, 306 Mass. 291. *Levy* v. *Levy*, 309 Mass. 486, 491.

No question of want of parties is raised by the demurrer. If it had been, we see no reason why all the corporations which had issued the stock should be deemed necessary parties. See *Bonner* v. *Chapin National Bank of Springfield*, 251 Mass. 401, 409; *Warecki* v. *United States Fidelity & Guaranty Trust Co.* 270 Mass. 233.

It follows from what has been said that the husband's demurrer to the wife's petition in equity was rightly overruled.

2. There was no error in denying the wife's motion to strike out portions of the husband's answer. The motion was placed on the ground that these portions stated no defence. A motion to strike out a portion of a pleading on the ground that it states no case or no defence is anomalous, and a denial of it is not error. *Marsch* v. *Southern New England Railroad*, 230 Mass. 483, 491.

3. The material allegations of the husband's counterclaim are, in substance, that the money with which the stocks were bought was his own; that it was mutually agreed and understood between the parties that the wife "would have no legal title to" the stocks; that the placing on the certificates of the names of both husband and wife "as joint tenants with the right of survivorship but not as tenants in common" was not "as a gift to her or an advancement or transfer of title or done with any intent to pass title to her . . . or any present interest," but was done with an understanding that they would remain the hus-

band's property, "with the right in him to pledge or transfer or otherwise encumber the same," and that the wife would at no time "claim any present ownership in the same" or "any interest or claim contrary to the understanding between them"; and that the husband caused the wife's name to be placed on the certificates only to protect her in the event of his predeceasing her.

The husband contends that these are allegations that the wife took her interest in the stock certificates on an express trust for his benefit. Whether her legal interest in the stock under this form of certificate was that of a tenant by the entirety or that of an ordinary joint tenant, and whether or not as a result of the divorce it became that of a tenant in common (see *Ames* v. *Chandler*, 265 Mass. 428; *Splaine* v. *Morrissey*, 282 Mass. 217; *Childs* v. *Childs*, 293 Mass. 67; *Franz* v. *Franz*, 308 Mass. 262, 265; *Bernatavicius* v. *Bernatavicius*, 259 Mass. 486), we see no reason why it could not be and remain charged with an oral trust in the husband's favor. *Buckley* v. *Buckley*, 301 Mass. 530. *Gibbons* v. *Gibbons*, 296 Mass. 89, 91. *Berry* v. *Kyes*, 304 Mass. 56, 62, and cases cited. *Levy* v. *Levy*, 309 Mass. 486, 489, 490. Am. Law Inst. Restatement: Trusts, §§ 38 (3), 39. The question is whether the husband's counterclaim sufficiently alleges such a trust. It is not as plain and categorical to that effect as it might be, and the allegations that the wife was to have no title, if taken literally, seem inconsistent with her holding anything in trust. But to take these allegations literally also seems inconsistent with other allegations and with the alleged intent to protect the wife if the husband predeceased her. Too much stress should not be placed upon particular words. On the whole, the allegations are so similar to those held good in the recent case of *Gibbons* v. *Gibbons*, 296 Mass. 89, that we do not feel at liberty to hold them insufficient to support a claim of trust. Compare *Ciarlo* v. *Ciarlo*, 244 Mass. 453. The demurrer does not purport to attack mere matters of form. See *Clair* v. *Colmes*, 245 Mass. 281, 284; *Shea* v. *Shea*, 296 Mass. 143, 147.

The decrees and order reported are affirmed. An appeal

printed with the record is dismissed, since we' have dealt with the matter on the report.

*Ordered accordingly.*