Elfreda M. Baxt *vs.* Moses Baxt & another. November 27, 1946. Decree affirmed. This is a suit in equity brought by Elfreda M. Baxt against her husband, Moses Baxt, and The National Shawmut Bank of Boston. A decree was entered that "a trust be and hereby is established for the benefit of the . . . [plaintiff], Elfreda M. Baxt in the amount of Six Hundred Thirty-three ($633.00) Dollars standing in the hands of the . . . [defendant], Moses Baxt; and the . . . [defendant] is hereby ordered to pay said Six Hundred Thirty-three ($633.00) Dollars together with costs in the sum of Twenty-one Dollars and Thirty-five ($21.35) Cents to the . . . [plaintiff]," and that "the sum of Six Hundred ($600.00) Dollars now held by the . . . [defendant], The National Shawmut Bank of Boston, be paid over to the . . . [plaintiff] as partial payment on account of said trust indebtedness." Only the defendant Moses Baxt appealed from this decree. The decree must be affirmed. Jurisdiction in equity exists over suits between husband and wife to enforce trusts and to establish other conflicting rights concerning property. *Gahm* v. *Gahm*, 243 Mass. 374, 376. *Weidman* v. *Weidman*, 274 Mass. 118, 122. The evidence is not reported. The judge made "findings and order for decree." He did not state that the findings expressed were all of the findings upon which he based his decree, and there is nothing in their form to indicate that he intended them as such. Apparently these findings were made voluntarily and not as a report of "the material facts found by him" under G. L. (Ter. Ed.) c. 214, § 23, as appearing in St. 1945, c. 394, § 1. The entry of the decree imported a finding of every fact essential to sustain it within the scope of the pleadings and not inconsistent with the specific findings. *Birnbaum* v. *Pamoukis*, 301 Mass. 559, 561–562. The findings of fact essential to sustain the decree are not inconsistent with the specific findings. The decree was within the scope of the pleadings. The bill, as amended, contained the allegations that the plaintiff "has been employed and earning her own money and permitted the said . . . [defendant], Moses Baxt, at his request to deposit her money weekly in his personal bank account in The National Shawmut Bank of Boston," and that the plaintiff, "Elfreda M. Baxt, turned over the total sum of $633 to the . . . [defendant], Moses Baxt, who has refused on demand to return this money, held by him in trust for the . . . [plaintiff], and still refuses," a prayer that "the . . . [defendant] Moses Baxt" be ordered "to pay over to the . . . [plaintiff], Elfreda Baxt . . . the . . . sum of $633 held in trust by the said . . . [defendant] for and on behalf of the said . . . [plaintiff]," and a prayer for general relief. The decree establishing a trust for the benefit of the plaintiff was within the scope of the bill. The decree ordering payment by the defendant Moses Baxt was a

method of enforcing this trust against him specifically prayed for and within the scope of the bill. The decree ordering payment by the defendant The National Shawmut Bank of Boston, though granting relief not specifically prayed for, was a method of enforcing the trust against the trust property in its form as an obligation of the defendant bank to the defendant Moses Baxt and within the scope of the bill.

*S. Abrams*, for the defendant Baxt.
*W. Levenson*, for the plaintiff.