## REILLY v. REILLY.

No. 10332.

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 10, 1950.

Decided April 24, 1950.

Mr. James J. Laughlin, Washington, D. C., for appellant. Mr. William E. Owen, Washington, D. C., also entered an appearance for appellant.

Mr. John L. Ingoldsby, Jr., Washington, D. C., for appellee.

Before CLARK, PROCTOR and BAZELON, Circuit Judges.

PER CURIAM.

Consideration of this appeal leads to the following conclusions:

■ The evidence was sufficient to support the granting of a limited divorce for cruelty in favor of appellee.

■ The court had jurisdiction under its general equity powers to adjudicate and settle a dispute between the parties concerning their respective rights in funds and property which had been acquired by them during marriage, or incident thereto. 11 D. C.Code (1940) § 325; Baxt v. Baxt, 1946, 320 Mass. 762, 70 N.E.2d 799; Novick v. Novick, 1937, 299 Mass. 15, 11 N.E.2d 481; Gibbons v. Gibbons, 1936, 296 Mass. 89, 4 N.E.2d 1019.

■ Title 16, § 409, District of Columbia Code (1940) does not apply. Its provision for apportionment relates only to property in which a tenancy, joint or by entireties, dissolves by operation of the aforegoing statute through a decree for absolute divorce or nullity of marriage.

In this case, agreeably to rule 18(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., the general equity powers of the court were invoked by joining in a single action prayers for a limited divorce and for adjudication of an existing dispute between the parties concerning property rights. MacLennan v. MacLennan, 1942, 311 Mass. 709, 42 N.E.2d 838; Hitchcock v. Hitchcock, 1940, 373 Ill. 352, 26 N.E.2d 108, certiorari denied, 311 U.S. 651, 61 S.Ct. 22, 85 L.Ed. 417; Cohagan v. Cohagan, 1920, 294 Ill. 439, 128 N.E. 494. See Note, 93 A.L.R. 327.

The judgment is

Affirmed.