ESTEL CHAPMAN, Plaintiff and Appellant *v.* ELDA
CHAPMAN, Defendant and Respondent.

No. 10084.

Submitted May 6, 1960. Decided July 13, 1960.

354 P.2d 184.

Jess L. Angstman, Havre, Rankin and Acher, Helena. Wellington D. Rankin argued orally for appellant.

Morrison & Ettien, Havre, Sias & O'Donnell, Chinook. J. Chan Ettien argued orally for respondent.

MR. CHIEF JUSTICE HARRISON delivered the Opinion of the Court.

Plaintiff appeals from a decree entered in the district court of the twelfth judicial district, in and for the county of Hill.

On May 14, 1958, plaintiff brought an action for divorce upon the ground of extreme cruelty, and in his complaint he set forth that one child of the plaintiff and defendant was a minor and alleged that defendant was a fit and proper person to have the care, custody and control of the child and that he was willing to provide for the care, support, and education of the child and to make a reasonable property settlement with the defendant. To this complaint defendant answered, denying the allegation of extreme cruelty, and that plaintiff was willing to provide for the child and to make a reasonable property settlement with the defendant and praying that plaintiff take nothing by reason of the complaint; that defendant be awarded the care, custody and control of the child and that plaintiff be required to pay a reasonable sum for her care and support.

Thereafter, defendant filed a motion to amend her answer by adding thereto a cross complaint, whereby defendant sought a divorce upon the ground of extreme cruelty, sought the care, custody and control of the minor child, a proper allowance for the support of herself and the child, that the residence of the parties be set aside as a home for herself and the child, and certain payments being made upon a contract for sale of certain farm property which had been sold by the plaintiff be held and reserved for the payment of the support allowance and impressed with a lien for that purpose. This motion was granted by the court and the amended answer and cross complaint was duly filed. Plaintiff filed an answer to the cross complaint wherein he admitted ownership of the residence property, the sale of the farm property, and in general denied the other allegations contained in the cross complaint.

The case was tried on November 28, 1958. The transcript on appeal does not contain the evidence introduced at the hearing, but the minutes of the court show that at the conclusion of the plaintiff's testimony defendant moved that the plain-

tiff's action be dismissed for failure of proof, which motion was denied. Thereupon, the defendant moved the court to dismiss the defendant's cross complaint, which motion was granted. The defendant then introduced her testimony and following rebuttal the case was submitted to the court for decision.

On January 28, 1959, findings of fact, conclusions of law, and a decree were made and entered by the court, and it is from such decree that this appeal was taken. By the decree, the court granted the defendant separate maintenance, gave her exclusive possession of the residence property, and plaintiff was ordered to keep up the installment payments on a mortgage thereon, as well as pay the taxes and insurance thereon; granted $100 per month support allowance for the defendant and the minor child; ordered the proceeds then in the possession of the defendant covering the payment upon the farm property sold by the plaintiff to be split between the parties, plaintiff from his half to pay all the mortgage installments then due on the residence and plaintiff's share of the proceeds from future payments on the contract were subjected to a lien to insure the payment of the support allowance, mortgage payments, taxes and insurance on the residence property.

Plaintiff specifies, that the court erred in awarding defendant separate maintenance in the absence of any pleading therefor; in making a property settlement and dividing the property and depriving the plaintiff of the use of the property belonging to him, in the absence of any pleading framing an issue thereon; and in impressing the property with the lien above referred to.

As will be noted from the fact statement, plaintiff brought an action for a divorce, defendant cross complained for a divorce and in her pleading made reference to the property, but during the trial of the action, and upon her own motion, all pleadings with reference to any property or property rights were removed from the case.

As to the first contended error, the granting of separate

maintenance to the wife without any pleading therefor, section 21-136, R.C.M.1947, provides:

"Though judgment of divorce is denied, the court may, in its discretion, in an action for divorce, provide for the maintenance of the wife and her children, or any of them, by the husband."

In Carboni v. Carboni, 99 Mont. 279, 43 P.2d 634, this court discussed this statute and its application in a divorce action. In that case the court denied the divorce but granted the wife separate maintenance, which action was sustained here. There is no merit to this specification of error.

The next two specifications, (1) the making of the property settlement and, (2) impressing plaintiff's property with a lien in the absence of any pleading therefor will be discussed together.

Plaintiff in this cause prayed for a divorce which was denied. Defendant by her cross complaint brought in the question of property rights insofar as she prayed that the residence be set aside to her as a home for herself and the minor child. She did not in her cross complaint request a division of the contract payments as ordered by the court in its decree, however, she did request that such payments be held in reserve for the payment of the support and maintenance of herself and the minor child, and that they be impressed with a lien. Her cross complaint further alleged that *plaintiff* had sold the farm, which fact was admitted by plaintiff in his answer to the cross complaint.

Defendant asserts that under the ruling of this court in Rogers v. Rogers, 123 Mont. 52, 209 P.2d 998, 1001, the district court was clearly correct in making disposition of the farm sale proceeds. In the Rogers case the prayer of the complaint asked for "such other and further relief as to the court may seem meet and equitable in the premises" and in its opinion stated:

"The complaint states a cause of action for divorce. Under

the demand for general relief the court could, under the circumstances here, grant any relief to which plaintiff was entitled, *upon the allegations of the complaint* and the proof introduced." Emphasis supplied.

The amended answer and cross complaint herein filed contained no prayer for general relief and thus the rule announced in the Rogers case would have no application.

Defendant likewise asserts that under the ruling in Johnson v. Johnson, 137 Mont., 11, 349 P.2d 310, 311, the court could make a disposition of the farm proceeds. It must be remembered that in the Johnson case there were appropriate allegations with regard to the property there in question and the answer of the defendant contained a prayer for "such other and further relief as to the Court will seem meet and just in the premises." In its opinion this court stated: "Thus it has authority to divest the wife of at least some of her property rights and there is no good reason why it may not divest the husband of some of his property rights where, as here, *the issue is tendered by the pleadings.*" Emphasis supplied.

In the absence of any pleading raising such issues it is our opinion that the district court exceeded its jurisdiction when it made division of the sale proceeds and impressed plaintiff's property with a lien. For these reasons this cause is remanded to the district court with directions: (1) To vacate, set aside and strike from the court's findings of fact paragraphs numbered X, XI and XII; (2) To vacate, set aside and strike from the court's conclusions of law that paragraph numbered VII; and (3) To strike and eliminate from the decree all that portion which provides:

"VI. That the bank drafts upon the United States National Bank, Red Lodge, Montana, now in the possession of defendant, be cashed and one-half thereof delivered to plaintiff and one-half thereof delivered to defendant.

"That plaintiff pay from his one-half all payments neces-

sary to making the Havre Federal Savings and Loan Association mortgage current and in good standing.

"VII.   That plaintiff's share of the proceeds due from the farm sale contract in escrow at said United States National Bank be, and the same is hereby subject to a lien securing and insuring the payments for support, mortgage, taxes and insurance described herein, and in the finding and conclusions previously filed."

It is so ordered.

MR. JUSTICES BOTTOMLY, ADAIR and CASTLES and the HONORABLE W. W. LESSLEY, District Judge, sitting in place of MR. JUSTICE ANGSTMAN concur.