ELMER W. STOKES, Claimant and Appellant, v. DE-
LANEY & SONS, INC., Employer and GLACIER GEN-
ERAL ASSURANCE COMPANY, Defendant and Respon-
dent.

No. 10589.
Submitted February 5, 1964. Decided April 8, 1964.
Rehearing Denied May 13, 1964.
391 P.2d 698.

Jewell & Root, Missoula, Skedd, Harris & Massman, Lloyd
J. Skedd (argued), Helena, for appellant.

Erwin L. Anzjon (argued), Missoula, for respondents.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an appeal by the claimant from the order of the district court of Lewis and Clark County dismissing his appeal from an award made by the Industrial Accident Board, hereafter called the Board. Claimant was injured while at work in a saw mill operated by the employer near Lincoln, Montana, on July 13th and again on October 4th, both being in 1961. No necessity appears for a detailed analysis of the accidents and injuries for the purpose of this opinion.

Claimant cites three specifications of error: (1) that the court erred in refusing and failing to find the facts specially and to state separately its conclusions of law thereon and to direct the entry of a proper judgment; (2) in failing to adopt claimant's proposed findings of fact and conclusions of law; and (3) in denying his appeal from the Industrial Accident Board to the District Court.

Turning to the first specification, at the close of the hearing claimant's counsel asked to be permitted to submit findings of fact and conclusions of law and asked that findings be made. The court replied: "Very well, and you also would like to submit a brief argument on this thing?" Thereafter, claimant's counsel submitted a written request together with proposed findings of fact and conclusions of law. Later the court made and entered this order: "The respective appeals of the above-named claimant and appellant and of the above-named defendant and respondent are each by the court DENIED."

In Nicholson v. Roundup Coal Mining Co., 79 Mont. 358, 257 P. 270, this same issue was raised and in that case this court stated: "The claimant complains of the court's failure to make and file findings of fact, but, as she did not request findings, as required by the statute, she is in no position to predicate error upon this omission. Section 9369, Rev.Codes 1921. [Now R.C.M.1947, § 93-5305.]"

In this cause, a proper request was made and overlooked by the court. However, since our decision in the Nicholson case the Montana Rules of Civil Procedure have been adopted which provide in Rule 52(a) in part as follows:

"In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment * * *."

Rule 81(b) provides:

"These rules do not supersede the provisions of statutes relating to appeals to or review by the district courts, but shall govern procedure and practice relating thereto insofar as these rules are not inconsistent with such statutes."

Appeals from the Industrial Accident Board to the district court are not listed among the special statutory proceedings contained in Table A excepted from the Rules under Rule 81(a).

Respondents contend that under the statutes while the court "may" make findings and conclusions it is not required to if, in effect, it deems the Board's findings and conclusions are correct and that by its order here denying the appeals of both parties it has affirmed the Board's findings and conclusions in their entirety.

An examination of the applicable statutes shows that section 92-823, R.C.M.1947, as amended, provides that after a final hearing by the Board it shall within 30 days make and file its findings upon all facts involved in the controversy, and its award, which shall state its determination as to the right of the parties.

Section 92-829, R.C.M.1947, provides for applications for rehearing, and among the grounds therein specified are: that the evidence does not justify the findings, and that the findings do not support the order, decision or award.

Section 92-834, R.C.M.1947, provides for appeals to the district court. Such section provides in part: "The trial of the

matter shall be de novo, and upon such trial the court shall determine whether or not the board regularly pursued its authority, and whether or not the findings of the board ought to be sustained, and whether or not such findings are reasonable under all the circumstances of the case."

Section 92-835, R.C.M.1947, then provides:

"The board and each party to the action or proceeding before the board shall have the right to appear in the proceeding, and it shall be the duty of the board to so appear. If the court shall find from such trial, as aforesaid, that the findings and conclusions of the board are not in accordance with either the facts or the law, or that they ought to be other or different than those made by the board, or that any finding and conclusion, or any order, rule, or requirement of the board is unreasonable, the court shall set aside such finding, conclusion, order, judgment, decree, rule, or requirement of said board, or shall modify or change the same as law and justice shall require, and the court shall also make and enter any finding, conclusion, order or judgment that shall be required, or shall be legal and proper in the premises."

It seems evident from these various statutes that the Legislature placed great emphasis upon the findings, in the first instance to be made by the Board and on appeal to be reviewed by the district court. The final words in section 92-835 "and the court shall also make and enter any finding, conclusion, order or judgment that shall be required, or shall be legal and proper in the premises" appear to us to imply that the court "shall" in all instances make findings and conclusions and based thereon shall enter either an order or a judgment.

We reach this conclusion not only on the wording of the statutes but on the intent expressed by the Legislature in enacting section 92-838, R.C.M.1947, which provides: "Whenever this act or any part or section thereof is interpreted by a court, it shall be liberally construed by such court." We have held that such liberal construction should be in favor of the

claimant and since the law stresses the matter of findings and conclusions at every turn we believe that the claimant should have the benefit thereof. This being our view we disagree with respondents' view and hold that the legislative intent at all times was that findings and conclusions must be made by the district court on appeal.

This being so, the statutes were not inconsistent or in conflict with the procedure and practice provided by the rules as set forth in Rule 81(a) and therefore the provisions of Rule 81(b) are applicable. Rule 52(a) should have been complied with by the district court.

We shall comment upon the other contentions raised by the claimant that the district court may have the benefit of our views.

As to the failure of the court to adopt claimant's proposed findings and conclusions, first let it be said that there is no rule of law which requires the court to adopt any litigant's proposed findings and conclusions, the findings and conclusions are those of the court, and while the court may request litigants to submit proposed findings and conclusions, and even without such request litigants may submit them, those adopted by the court are its own.

As to proposed Finding of Fact II which arises from the fact that the claimant at the time of filing his claim only listed three children but offered testimony at the hearing before the district court that he actually had five: When the claims were filed two of the children were in the custody of claimant's divorced wife but prior to the district court hearing they were returned to the custody of the claimant. Respondents contend that since claimant at all times knew he had five children his failure to list them in the claims constitutes a waiver since he did not comply with section 92-601, R.C.M. 1947. Claimant did comply with section 92-601, and while respondent argues that it is vital to list the number of children since the correct number must necessarily be known in order

to fix the amount of compensation, in our opinion such objections are not meritorious. The purpose of section 92-601 is to fix a limit to the period for filing claims and it surely was not the intention of the Legislature, bearing in mind section 92-838, supra, that errors in names, dates, numbers and so on, should invalidate a timely filed claim. Claimant is entitled to a finding couched in the language of, or of similar import to proposed Finding II.

As to proposed Findings of Fact IV, V, VI, and VII, which in effect find that claimant is permanently and totally disabled, the Board found that claimant was "permanently partially disabled," granting compensation for a period of 208 weeks, to be credited with compensation already paid, and retained jurisdiction to further adjudicate the claim. This is an interlocutory order based upon the Board's view from the evidence that claimant would be able to return to remunerative employment in a reasonable time, which the Board projected as four years. The question of continuing disability has not been foreclosed but has been left open. Upon the record as it now stands such finding by the Board appears justified.

As to proposed Finding of Fact III dealing with pre-injury earnings, the Board found, as claimant set forth on his claims, that his earnings were $99.00 per week. Claimant now contends the correct figure should be $105.60. The method of determination of compensation has been covered by this court in House v. Anaconda Copper Mining Co., 113 Mont. 406, 126 P.2d 814, and more recently in Graham v. Tree Farmers, Inc., 142 Mont. 482, 385 P.2d 83. Since this matter will be remanded to the district court for return to the Board this matter of the correct computation can be handled by the Board.

As to proposed Finding of Fact VIII providing for a lump sum award, this is an award for permanent partial disability with jurisdiction retained for further adjudication. In our opinion it is the only fair way, considering the claimant and his family obligations, that this matter should be handled;

this manner provides for further review, and if found necessary a revision of disability. The Board found that a lump sum was not warranted and in our opinion it was a sound decision under the evidence in this case. Nothing presented in the district court would justify overruling the Board.

As to the third specification of error, in view of our disposition the matter becomes moot and requires no comment.

The cause is remanded to the district court with instructions to make and enter appropriate findings of fact and conclusions of law not inconsistent with what has been heretofore said in this opinion and to make and enter an order returning the matter to the Industrial Accident Board so that the necessary adjustments may be made in the matters specified.

It is so ordered.

MR. JUSTICES CASTLES, JOHN C. HARRISON, ADAIR and DOYLE concur.