HELEN TOLSON, PLAINTIFF AND APPELLANT, v. WILLARD
G. TOLSON, DEFENDANT AND RESPONDENT.

No. 10757

Submitted January 13, 1965.   Decided March 4, 1965.

399 P.2d 754.

Frank E. Blair (argued), Virginia City, for appellant.

John H. Jardine (argued), Whitehall, C. W. Leaphart (argued), Helena, for respondent.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion of the Court.

88

This is an appeal by plaintiff from a divorce decree entered in the fifth judicial district of the State of Montana, in and for the County of Madison. The case was tried without jury by the Honorable Philip C. Duncan.

The plaintiff, hereinafter referred to as the appellant, filed for a divorce. The defendant, her husband, and respondent in this appeal, filed a cross complaint alleging that appellant had deserted him, and demanding separate relief in the right to share equally in the earnings and savings of appellant and claiming equal ownership in the home. The court, after taking considerable testimony, made specific findings of fact and conclusions of law and then granted appellant an absolute divorce ordering in the decree that she would make certain property settlement with respondent.

The parties in this action were married in 1941 and lived together until June of 1962. Though the marriage was childless, it appears from the testimony that until the last few years of the marriage it was a happy one. The appellant was a school teacher who taught school during most of the years of the marriage. The respondent was a miner and general construction worker. The record shows that during the marriage he worked regularly except for a period when he suffered an industrial accident and even considering this rather extended period of recovery, that during the 21 years his earnings were over $2,700 per year. His total earnings from 1953 to 1961, including the industrial accident payment, came to $57,361.33. During the period 1953 to 1961, the appellant earned $55,278.32.

From the beginning of the marriage the earnings of the couple went into a joint account controlled mostly by the appellant. She seems to have been the business manager for the couple, probably due to the fact she had the best education. She did all of the tax work, both state and federal, for the family. She maintained the books of a service station operated by respondent during the marriage, and from all the evidence

given she was a most capable manager for, in spite of the injuries and sicknesses both suffered during the marriage, the only thing worth fighting about at the termination of the marriage was the accumulated property, both real and personal.

The evidence shows that most of the accounts were in the joint names of Mr. and Mrs. Tolson. The appellant claims that all of the money was deposited by her, from her own earnings, and that her husband's name was only on the accounts for the contingency of her predeceasing him. The accounts that were in her own name only, and which her husband contributed to are claimed to be hers alone, and any deposits made by the husband are claimed to have been gifts to the wife.

The appellant contends that the husband's funds went to support the family and buy necessities. The wife's money was all her own and she kept it all for herself.

The appellant further contends that the house joint tenancy should be divided in proportion to the amount that each paid rather than equally since she paid $3,000 and her husband paid $2,000.

Finally, the appellant contends that the district court had no jurisdiction to allow the cross-complaint and settle property rights since the statutes for divorce confer no such power.

The respondent contends that all money was "family money" put into a joint effort, even though his money was used for support of the family and the money the wife made was earmarked for family savings, and certain special items such as furniture, etc.

The respondent sets forth that the appellant cannot complain if the court did not adopt its findings and conclusions, since it is for the court to make findings and conclusions, and there is no provision in the rules for a party to make any findings or conclusions.

Secondly, there were no exceptions to the court's findings

and conclusions, therefore, the court cannot be put in error for erroneous findings.

The court found that on July 19, 1962, the day the appellant left the family home that there had been accumulated the following property:

1. A savings account in the Prudential Federal Savings and Loan Association of Butte, Montana, in the sum of $8,366.47, in the names of the parties as "Helen M. Tolson or Willard G. Tolson".

2. A checking account in the Bank of Sheridan, Sheridan, Montana, in the sum of $5,549 and some cents, or, for the purpose hereof, $5,550 in the names of the parties as "Willard G. Tolson or Helen M. Tolson".

3. A checking account in the First National Bank of Twin Bridges, Twin Bridges, Montana, in the amount of $74.20 in the names of the parties as "Helen M. Tolson or Willard G. Tolson".

4. Certificates of ownership in the Investors Mutual, Inc., including but not limited to 42.646 shares in the names of the parties as joint tenants.

5. A home in Sheridan, Montana, described as Acre Tract No. 25, less the east 74 feet, as more particularly described in the deed of record in Book 189 of Deeds at page 317, records of Madison County, Montana, executed to the parties as joint tenants.

6. The furniture, household equipment, bedding, linens, and furnishings then in said home.

7. A 1957 Buick automobile in both names of the parties hereto; and

8. A jeep in the sole name of defendant, Willard G. Tolson.

Based on these findings the district judge ordered in his decree that the appellant recover $4,056.16, and in addition found that they owned jointly certain real and personal property including the two automobiles.

The appellant filed twenty-one specifications of error grouping them into ten legal arguments.

To the specifications of error, one through fourteen, technical pleading and procedural matters, we find no merit either in the law or evidence of the case. Here the case being tried without a jury, the trial court properly made findings of fact and conclusions of law as provided for by Rule 52(a), M.R. Civ.P. Stokes v. DeLaney & Sons, Inc., 143 Mont. 516, 391 P.2d 698.

To appellant's specifications of error 8 through 14, concerning alleged erroneous and defective findings, and to which the appellant failed to specifically except to in the lower court, we find no merit.

Our law concerning this matter is covered in two sections, and is controlling.

R.C.M.1947, § 93-5305, provides:

"No judgment shall be reversed on appeal for want of findings at the instance of any party who, at the close of the evidence and argument in the cause, shall not have requested findings in writing, and had such request entered in the minutes of the court; nor in cases tried by the court shall the judgment be reversed on appeal for defects in the findings, unless exceptions be made in the court below for a defect in the findings or in a finding."

R.C.M.1947, § 93-5307, provides:

"Such exceptions shall be filed in the court and served on the attorney of the adverse party within five days after receiving from or giving to the adverse party a written notice of the filing of the findings."

There being no compliance with these mandatory provisions they must fail. Bissell v. Bissell, 129 Mont. 187, 284 P.2d 264.

The issues of the case set forth in specifications 15 through 19 concern the court's conclusions and judgment regarding the disposition of most of the joint property of the parties.

The respondent relies on a previous case of this court, Johnson v. Johnson, 137 Mont. 11, 349 P.2d 310. Appellant asks this court to overrule this opinion and a later opinion, Chapman v. Chapman, 137 Mont. 544, 354 P.2d 184, for the reason the cases are contrary to our earlier cases of Emery v. Emery, 122 Mont. 201, 200 P.2d 251; and Shaw v. Shaw, 122 Mont. 593, 208 P.2d 514.

In our view by reason of the adoption of the Montana Rules of Civil Procedure these specifications present no problem. Rule 18(a), M.R.Civ.P., provides:

"(a) JOINDER OF CLAIMS: The plaintiff in his complaint or in a reply setting forth a counterclaim and the defendant in an answer setting forth a counterclaim may join either as independent or as alternative claims as many claims either legal or equitable or both as he may have against an opposing party. There may be a like joinder of claims when there are multiple parties if the requirements of Rules 19, 20, and 22 are satisfied. There may be a like joinder of cross-claims or third party claims if the requirements of Rules 13 and 14 respectively are satisfied."

By this Rule the claims for divorce and property division could be joined. Our Rule is identical with the Federal Rule.

In Reilly v. Reilly, 86 U.S.App.D.C. 345, 182 F.2d 108, the United States Court of Appeals, District of Columbia Circuit, in considering the Federal Rule stated:

"In this case, agreeably to rule 18(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., the general equity powers of the court were invoked by joining in a single action prayers for a limited divorce and for adjudication of an existing dispute between the parties concerning property rights. MacLennan v. MacLennan, 1942, 311 Mass. 709, 42 N.E.2d 838; Hitchcock v. Hitchcock, 1940, 373 Ill. 352, 26 N.E.2d 108, certiorari denied, 311 U.S. 651, 61 S.Ct. 22, 85 L.Ed. 417; Cohagen v. Cohagen, 1920, 294 Ill. 439, 128 N.E. 494. See Note, 93 A.L.R.

327." See, also, Holcomb v. Holcomb, 93 U.S.App.D.C. 242, 209 F.2d 794; Murphy v. Murphy, 95 U.S.App.D.C. 220, 221 F.2d 90; Wheeler v. Wheeler, 88 U.S.App.D.C. 193, 188 F.2d 31.

Thus, under our Rule 18(a), the procedure here followed was correct since the adoption of the Rule superseded previous interpretations.

██ Therefore, the court did not err in granting the divorce and dividing and adjusting the litigants' rights in property accumulated by the joint efforts of the parties. The property acquired jointly during the marriage may be divided regardless of whether the title thereto is in either or both of the parties. 27B C.J.S. Divorce § 295(5), p. 304, et seq.

By reason of what has been heretofore said there is no merit to appellant's specifications 20 and 21.

The judgment is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES DOYLE and ADAIR, concur.

MR. JUSTICE CASTLES:

I concur in the result, but not in all that is said.