No. 13148

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

---

ANNE ROGERS,

                    Plaintiff and Respondent,

    -vs-

JULIAN ROGERS,

                    Defendant and Appellant.

---

Appeal from:  District Court of the Eighth Judicial District,
              Honorable R. J. Nelson, Judge presiding.

Counsel of Record:

    For Appellant:

        Smith, Emmons, Baillie and Walsh, Great Falls,
        Montana
        Robert J. Emmons argued, Great Falls, Montana

    For Respondent:

        Dzivi, Conklin, Johnson and Nybo, Great Falls,
        Montana
        Louis D. Nybo argued, Great Falls, Montana

---

                              Submitted:  March 8, 1976

                              Decided: MAR 25 1976

Filed: MAR 25 1976

Thomas J. Kearney
                                    Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from a judgment entered in the district court, Cascade County. Plaintiff-wife filed an action seeking separate maintenance and alimony. Defendant-husband answered and counterclaimed requesting a divorce. The court granted defendant a divorce, denied alimony, but awarded plaintiff a judgment for the sum of $23,500, plus interest from the date of the separation. Defendant appeals seeking a reversal of the money judgment.

Plaintiff and defendant were married in 1967 and no children were born of this marriage. Plaintiff had been previously married, was divorced, and had the custody of three children of that marriage. She received $250 per month per child for the support of the children who were 8, 10 and 11 years old at the time their parents were divorced. As a result of the property settlement from her former husband, plaintiff had a net worth of approximately $70,000 consisting principally of stocks.

Defendant-husband was a widower with five children, all were older than plaintiff's children. Following the marriage, plaintiff's three children moved to Montana to live with them at defendant's ranch. Also, during the marriage at least three of defendant's children were at the ranch home.

Defendant's ranch consists of some 3,800 acres and his net worth at the time of the trial was approximately $800,000. The trial court found that though there was no formal agreement or understanding between plaintiff and defendant with regard to the children's support money, it is not disputed that during the marriage plaintiff deposited that money into a checking account, together with the income from her stocks, amounting to approximately $3,000 per year, and from the account she ran the family household. During the marriage she paid for all groceries

- 2 -

except meat, medical expenses, carpeting, an automobile, its repairs, licensing and taxes, drugstore bills, clothing, trips, Christmas gifts, and miscellaneous household expenditures. During the marriage defendant gave plaintiff no money for her support, nor did he make any deposits in plaintiff's household checking account. For five years he had a wife, a homemaker, a companion, and a provider for that home at no cost to him.

The trial court found that during the time plaintiff maintained the household checking account she made deposits in the amount of $55,802.42. After considering a number of deductions which the court found were of benefit to plaintiff or her children, the court found plaintiff had spent in the way of family contributions the sum of $40,012.94. While granting defendant the divorce, and refusing plaintiff's request for alimony, the trial court did find plaintiff-wife was entitled to a judgment against defendant for assets she expended for the entire family's benefit and for her services as a wife and mother, in the sum of $23,500 plus interest at six percent from May 31, 1973.

On appeal, defendant-husband alleges the trial court erred:

(1) In awarding a judgment for $23,500 on the facts of the case, and interest from the date of separation.

(2) In its award of $934 representing the amount tendered by defendant to plaintiff for the furniture and the like left at the ranch, and for interest on such amount.

We find no merit in appellant's first issue. An effort is made to attack the constitutionality of the award by arguing that it is alimony and therefore a serious constitutional question arises. The case was filed before the effective date of the 1972 Montana Constitution. Appellant cannot rely on rights arising under Article II, Section 4, 1972 Montana Constitution, for under

the Transition Schedule Section 3 any "rights, procedural or substantive, created for the first time * * * shall be prospective and not retroactive." Clontz v. Clontz, 166 Mont. 206, 531 P.2d 1003, 32 St.Rep. 169.

The principal attack of the issue is directed to whether there were sufficient facts to support the trial court's findings and conclusions of law. Appellant relies/and argues early on cases of this Court concerning whether or not a housewife is entitled to reimbursement or damages in a divorce action. Such authority is clearly anachronistic in view of the modern approach to domestic relations litigation which this Court has recognized and which Montana's legislature has followed by adopting the Uniform Marriage and Divorce Act, Chapter 3, Title 48, R.C.M. 1947. That Act attempts to do away with all of the restrictive views and procedures in order to accomplish what is in the best interests of not only the children, if any, but the husband or wife without regard to the type of relief the husband and wife may be seeking. Tolson v. Tolson, 145 Mont. 87, 399 P.2d 754; Bloom v. Bloom, 150 Mont. 511, 437 P.2d 1; Hodgson v. Hodgson, 156 Mont. 469, 482 P.2d 140; Libra v. Libra, 157 Mont. 252, 484 P.2d 748.

Here the record abounds with substantial uncontroverted evidence concerning the fiscal contributions of respondent made during the marriage, which supports her claim. We will not handcuff the trial court by not allowing it to make an award it finds equitable under the circumstances of the case. Admittedly it was difficult for the trial court and would have been for this Court, to arrive at an exact figure to compensate respondent. However, she did contribute in excess of $40,000 during the six years of marriage and the final award amounts to less than $4,000 per year. In view of the fact a substantial portion of respondent's

contribution went to the benefit of appellant and his children, thus freeing appellant of that fiscal responsibility, we find no abuse of discretion in the trial court's findings and conclusions of law.

As to the question of interest on the judgment, appellant argues that section 17-204, R.C.M. 1947, is applicable and interest can be awarded from a date prior to judgment only when the damages are certain or can be made certain by calculation. He cites in support Eskestrand v. Wunder, 94 Mont. 57, 20 P.2d 622.

Section 17-204, R.C.M. 1947, relates only to damages and the award made here by the trial court is not for damages. Rather, it is an equitable amount awarded on reimbursement. Interest was awarded from the filing of the claim and even though the claim was unliquidated until the court reduced it to the amount of the award, we can find no abuse of discretion in allowing the award of interest to stand from the date granted, considering the fact it is based upon a cash outlay made by respondent that directly benefited appellant.

As concerns the interest on the $934.34, the amount appellant paid by check to respondent for the furniture, et al, left by her at the ranch, later returned to appellant on advice of counsel, the interest should not begin to run until the date of the judgment. Kovash v. Knight, ____Mont.____, 545 P.2d 1091, 33 St.Rep. 159.

Judgment of the district court is affirmed. The cause is remanded to that court for compliance with this opinion.

_____
                              Justice

_____
Hon. Arthur Martin, District Judge,
sitting in place of Mr. Chief Justice
James T. Harrison.

_____

_____
Justices

- 5 -

Mr. Justice Frank I. Haswell specially concurring:

I concur in the result.

_____
Justice.