692 So.2d 708 (1997)
Karen J. GIBSON, Plaintiff-Appellant,
v.
Delbert Wayde GIBSON, Defendant-Appellee.
No. 96-1472.
Court of Appeal of Louisiana, Third Circuit.
April 2, 1997.
Jack Derrick Miller, Crowley, for Karen J. Gibson.
Larry Thomas Richard, Rayne, for Delbert Wayde Gibson.
Before DECUIR, AMY and GREMILLION, JJ.
*709 GREMILLION, Judge.
The only issue arising from this appeal is whether the trial court was correct in finding that Delbert Gibson acted prudently in withdrawing community funds from a retirement fund thereby incurring tax liability on his behalf and on behalf of his ex-wife, Karen Gibson.

FACTS
The following can be gleaned from the written and oral joint stipulations of the parties. During their marriage, Delbert was employed by Oryx Energy Company. While so employed, he deposited community funds into a capital accumulation plan and a retirement plan. Subsequent to their divorce, Delbert either terminated or was terminated from his employment with Oryx. Sometime thereafter, he withdrew all the funds from the capital accumulation plan and the retirement plan. These withdrawals were done without the knowledge or consent of Karen. When the funds were withdrawn, Oryx deducted approximately 20% of the funds for taxes. The remaining funds were divided equally between Delbert and Karen. As a result, she received $32,310.72 with $8,321.40 being withheld by Oryx for taxes.
Karen filed a motion to traverse the detailed descriptive list of community property, claiming that Delbert should reimburse her for the taxes paid out of her portion because he did not administer the funds in a prudent manner. The trial court found that while Delbert was not entitled to substantially alter or alienate the accounts without Karen's consent under La.Civ.Code art. 797, there was no evidence that he acted in bad faith. The trial court held that when a former spouse undertakes the management of co-owned property, he has the duty to act as a prudent administrator. As such, the trial court found that she failed to show that Delbert acted imprudently because she would have had to pay taxes on the funds at some time in the future even if she had rolled the funds over into an individual retirement account.

DISCUSSION
In its decision, the trial court relied on La.Civ.Code arts. 797 et seq., the code articles dealing with co-ownership of property, in making its decision. After reviewing the record and the relevant law, we find that the trial court committed an error of law by applying those articles instead of La.Civ. Code arts. 2369.2 and 2369.3, and we now reverse.
"Each spouse owns an undivided one-half interest in former community property and its fruits and products." La.Civ.Code art. 2369.2. "A spouse has a duty to preserve and to manage prudently former community property under his control ... in a manner consistent with the mode of use of that property immediately prior to termination of the community regime. He is answerable for any damage caused by his fault, default, or neglect." La.Civ.Code art. 2369.3. Comment (a) to Art. 2369.3 provides the following insight:
This Article changes the law. First, it imposes on a spouse who has control of former community property an affirmative duty "to preserve and to manage" such property. In contrast, Civil Code Article 800 (rev.1990), applicable to ordinary co-owners, provides for a right but not a duty to act for the preservation of the property. Such a duty arises only if the co-owner undertakes to act as a negotiorum gestor or he is appointed as administrator. See Symeonides & Martin, The New Law of Co-ownership: A Kommentar, 68 Tul. L.Rev. 701, 746 (1993). Similarly, the co-ownership articles of the Civil Code do not impose on one co-owner an affirmative duty to manage the co-owned thing unless that owner assumed the qualities of a gestor or was appointed as an administrator. See C.C. Arts. 801, 803 (rev.1990); Symeonides & Martin, supra at 738-748. Second, this Article imposes a higher standard of care than that provided by Civil Code Article 799 (rev.1990) for ordinary co-owners.
This Article also imposes a higher standard of care in managing and maintaining such former community property than the standard imposed during the marriage for managing community property. See C.C. Art. 2354 (rev.1979). The reason for imposing a higher standard of care in managing *710 former community property is that, after termination of the community property regime, the law no longer assumes that a spouse who has former community property under his control will act in the best interest of both spouses in managing it.
In the case sub judice, Delbert simply withdrew all the funds in the retirement account without advising Karen of his intentions. As a result, she suffered a 20% loss of the corpus of the account. Further, Karen verified through a Certified Public Accountant, that had she been consulted she could have rolled the funds from the two accounts over into an individual retirement account in her name, avoided tax and/or penalty consequences, and continued to earn interest on a tax-free basis. At the very least, she could have decided how and when to withdraw the funds that belonged to her. Therefore, Delbert failed to preserve the former community property "in a manner consistent with the mode of use of that property immediately prior to termination of the community regime." La.Civ.Code art. 2369.3. Surely, it seems that if one purpose of the accounts in question is to avoid tax liability, any act that incurs such liability would be imprudent. Furthermore, bad faith is not required under Article 2369.3 because the spouse is "answerable for any damage caused by his fault, default, or neglect." Id. (emphasis added). As such, Delbert is liable to Karen for her share of the tax liability, $8,321.40, together with legal interest from the date of judicial demand.

CONCLUSION
The judgment of the trial court is reversed and set aside, and it is ordered, adjudged, and decreed that judgment be rendered in favor of Karen Gibson and against Delbert Gibson in the amount of $8,321.40, together with legal interest from the date of judicial demand and for all costs of these proceedings.
REVERSED AND RENDERED.