748 So.2d 423 (1999)
Roger E. REINHARDT
v.
Linda Kay Anderson REINHARDT.
No. 99-C-0723.
Supreme Court of Louisiana.
October 19, 1999.
George Lawrence Arbour, Arbour & Aycock, West Monroe, for Applicant.
Donald L. Kneipp, Kneipp & Hastings, Monroe, for Respondent.
VICTORY, J.[*]
The sole issue presented in this community property partition proceeding is whether interest on an equalizing payment is due from the date of judgment or from the date of judicial demand. After reviewing the record and the applicable law, we reverse the judgment of the court of appeal and hold that interest is due from the date of judgment.

FACTS AND PROCEDURAL HISTORY
Roger E. Reinhardt ("Roger") and Linda Kay Anderson Reinhardt ("Kay") were *424 married on June 16, 1962. Roger filed a petition for divorce on September 12, 1994 and on March 27, 1995, the judgment of divorce was rendered and signed, terminating the community of acquets and gains retroactive to September 12, 1994. The trial court continued in effect an injunction which had been previously issued on March 6, 1995 against Roger and Kay restraining, enjoining, and prohibiting them from disposing of, alienating, or encumbering any community property owned by them and from withdrawing or disposing of any community funds on deposit at any bank, with a few exceptions.
On June 29, 1995, Kay filed a petition to partition community property and for reimbursement. After trial on the merits, the trial judge partitioned the property on February 10, 1997, and, because the allocation was unequal, awarded Kay an equalizing payment of $22,974.41. After recognizing certain mathematical miscalculations, the trial judge issued amended reasons for judgment on June 16, 1997, wherein he increased the equalizing payment owed to Kay from $22,974.41 to $111,100.06, with legal interest thereon from the date of judicial demand. Judgment in accordance with the written reasons as amended was signed on July 10, 1997, and filed on July 14, 1997.
After considering numerous assignments of error by both parties primarily concerning whether certain assets were properly classified as community or separate property, the court of appeal reversed in part, affirmed in part, and amended the judgment of the trial court. Reinhardt v. Reinhardt, 31,174 (La.App. 2 Cir. 1/20/99), 728 So.2d 503. As a result of several reclassifications and without reallocating any of the property, Kay's equalizing payment was reduced to $58,177.85. The court of appeal affirmed the trial court's judgment that interest on the equalizing payment was due from the date of judicial demand. It is regarding this issue that we granted Roger's writ. Reinhardt v. Reinhardt, 99-0723 (La.6/18/99), 745 So.2d 609.

DISCUSSION
In the settlement of the community and the partitioning of community property, the court must value the assets, determine the liabilities, adjudicate the claims of the parties, and then divide the community assets and liabilities between the parties. See Katherine S. Spaht and W. Lee Hargrave, Louisiana Civil Law Treatise, Volume 16, Matrimonial Regimes, § 7.25, p. 463, n. 12. La. R.S. 9:2801(4)(b) directs that "the court shall divide the community assets and liabilities so that each spouse receives property of an equal net value." However, recognizing that this is not always possible, the legislature has provided that "[i]n the event that the allocation of assets and liabilities results in an unequal net distribution, the court shall order the payment of an equalizing sum of money, either cash or deferred, secured or unsecured, upon such terms and conditions as the court shall direct." La. R.S. 9:2801(4)(c). Thus, while La. R.S. 9:2801 authorizes the court to order an equalizing payment upon the unequal net distribution of community assets and liabilities, it does not address when legal interest commences on the equalizing payment.
Courts of appeal are split on this issue. The First, Third, and Fourth Circuits have generally held that interest on an equalizing payment is due from the date of judgment. Michael v. Michael, 602 So.2d 1099 (La.App. 1 Cir.1992); Jones v. Jones, 611 So.2d 193 (La.App.4 Cir.1992), writ denied, 614 So.2d 1264 (La.1993); Preis v. Preis, 95-352 (La.App. 3 Cir. 12/6/95), 664 So.2d 860, writ denied, Preis v. Preis, 95-3096 (La.2/28/96), 668 So.2d 368; but see Poirier v. Poirier, 95-394 (La.App. 3 Cir. 11/2/95), 664 So.2d 532, 534-535 (awarding interest of the equalizing payment from the date of judicial demand because the value of the community assets was established in 1989 in an extrajudicial partition, rather than on the date of the judicial partition). The Second Circuit has generally held that interest on an equalizing payment is due *425 from the date of judicial demand. Salsbury v. Salsbury, 27,062 (La.App. 2 Cir. 6/21/95), 658 So.2d 734; Webber v. Berry, 609 So.2d 1175 (La.App. 2 Cir.1992); Oliver v. Oliver, 561 So.2d 908 (La.App. 2 Cir.1990); but see Camp v. Palmer, 30,558 (La.App. 2 Cir. 5/13/98), 711 So.2d 861(awarding legal interest on an equalizing payment from the date of judgment, but holding that the issue should be decided on a case by case basis using principles of equity and fairness, rather than a hard and fast rule).
Although this Court has never specifically address this issue, we explained the difference between prejudgment and postjudgment interest in Sharbono v. Steve Lang & Son Loggers, 97-0110 (La.7/1/97), 696 So.2d 1382, wherein we held that interest on an award of penalties and attorney fees in a workers compensation suit was due from the date of judgment, not the date of judicial demand. There, we explained:
The world of legal interest may be divided into two hemispheres. Prejudgment interest, which stems from the damages suffered by the victorious party, is meant to fully compensate the injured party for the use of funds to which he is entitled but does not enjoy because the defendant has maintained control over the funds during the pendency of the action. .... In contrast, postjudgment interest is a prospective award whose purpose is to encourage prompt payment of amounts awarded in the judgment, and to compensate the victorious party for the other party's use of funds to which the victor was entitled under the judgment.
696 So.2d at 1386 (internal cites omitted). We held that interest on the attorney fees award was not due until the date of judgment for the following reasons:
Because attorney's fee awards depend for their very existence upon a discretionary finding of the trier of fact, any amount of attorney's fees awarded to the victor is "due" only from the date of judgment. Prior to that time, the victor was not entitled to those funds. Because the losing party did not deprive the victor of the use of funds to which the victor was entitled, no prejudgment interest may be calculated on the award of attorney's fees. Rather, postjudgment interest on that amount may be calculated only from the date the debt came into being and thus became due to the date it is paid. To hold otherwise would be to unfairly compensate the victor, and penalize the loser, for a deprivation which never took place.
Id. at 1388-89. Further, we held that because interest on penalties was not due until the date they were awarded by the hearing officer, such awards could not earn interest until that date. Id.
Likewise, applying that reasoning to the issue in this case, an equalizing payment is not ascertainable and due until after the trial judge has determined the assets and liabilities of the community, adjudicated the claims of the parties, and then allocated the community property to each party. Only if the allocation is unequal does the trial judge then award one party an equalizing payment. Further, La. R.S. 9:2801(4)(a) specifically states that "[t]he court shall value the assets as of the time of trial on the merits, determine the liabilities, and adjudicate the claims of the parties." Thus, the valuation at the time of the partition in accordance with La. R.S. 9:2801(4)(a) already takes into consideration the appreciation in value of the property between the time of judicial demand and that of the time the valuation is made.
However, Kay claims that interest should be due on the equalizing payment from the date of judicial demand because a substantial part of it was in reality owed to her as a reimbursement claim. We do not agree.
Reimbursement claims are among the types of claims that arise from the legal regime and which are properly asserted in a community property partition. See Kenneth *426 Rigby, Matrimonial Regimes: Recent Developments, 59 La. L.Rev. 465, 517 (1999). Under La. 9:2108, the trial judge must adjudicate these claims when he allocates community assets and liabilities so that each party receives property of equal net value, as the trial judge did in this case.
The jurisprudence generally permits an award of interest from the date of the partition judgment for reimbursement claims. Vice v. Vice, 567 So.2d 774 (La. App. 3 Cir.1990) (awarding interest on reimbursement claim and on equalizing payment from date of judgment); McConathy v. McConathy, 25,542 (La.App. 2 Cir. 2/23/94), 632 So.2d 1200, 1206, writ denied, 94-0750 (La.5/6/94), 637 So.2d 1052 (holding that "an unliquidated debt, such as a claim for contributions to a spouse's education or training, is due from the moment it is ascertainable by judgment"); Shewbridge v. Shewbridge, 31,170 (La.App. 2 Cir. 10/28/98), 720 So.2d 780 (awarding wife interest from date of judgment of her award of compensation for contributions made toward husband's education and training, rather than from date of judicial demand); but see Allen v. Allen, 602 So.2d 759 (La.App. 3 Cir.1992) (awarding interest from date of trial on merits).
We hold that interest on an equalizing payment is not due until the judgment of partition, even when a substantial part of it can be traced to a reimbursement claim resolved as part of a judicial partition. Unlike the former article on reimbursement, Article 2408 (repealed in 1980), and unlike La. R.S. 9:2801(4)(a), under Articles 2354-2367.1, reimbursement is determined by the amount or value that the property had at the time it was used. "The policy reflected in the change in the measure of reimbursement is to treat the advance as an interest-free loan, rather than as an investment." Matrimonial Regimes, § 7.13, p. 380; La. C.C. art. 2364, Comment (d). "There is in essence a presumed gift or remission of the interest on account of the marriage relationship intended to reflect cooperative living." Id. at pp. 380-381. Thus, where separate property is used to satisfy a community obligation during the marriage, interest does not accrue during the marriage. In fact, the reimbursement claim does not even arise until the termination of the community property regime. La. C.C. art. 2365. The legislature could have indicated its intent that interest begin to accrue after the divorce if it had so intended, but instead, the articles on reimbursement merely provide that the property be valued as of the time it was used in determining the amount of reimbursement owed. See La. C.C. arts. 2364, 2364.1, 2365, 2366, 2367, 2367.1.[1] Further, because of the contingencies involved in determining whether a reimbursement claim will be recognized, such as the classification as separate or community of the property used and the purpose for which it was used, the extent to which the separate property has been commingled such that it loses its status as separate property, in many cases the availability of community funds from which the owing spouse can pay the reimbursement claim[2], and the *427 valuation of the reimbursement claim, the reimbursement claim is not ascertainable and due until the date it is recognized by the court in the partition judgment.

CONCLUSION
Accordingly, we hold that prejudgment interest is not due on equalizing payments made under La. R.S. 9:2801, even where part of the equalizing payment can be traced to a reimbursement claim for sums advanced during the marriage from the separate property of one spouse. Interest on equalizing payments is due only from the date of the judgment of partition.

DECREE
For the reasons stated herein, the judgment of the court of appeal that interest on the equalizing payment is due from the date of judicial demand is reversed. Judgment is rendered awarding legal interest on the equalizing payment of $58,177.85 from the date of the trial court judgment. In all other respects, the judgment of the court of appeal is affirmed.
AFFIRMED IN PART; REVERSED IN PART; RENDERED.
NOTES
[*] Knoll, J., not on panel. Rule IV, Part 2, § 3.
[1] La. C.C. art.2000, which authorizes an award of prejudgment interest when the object of the performance is a sum of money from the time the sum is due, does not apply to reimbursement claims. This holding is in line with other states that have considered the issue of whether state statutes providing for prejudgment interest on specific awards such as money judgments, sums due by contract, or compensatory damages applies to cases determining the right to prejudgment interest in divorce actions. See Harrold v. Harrold, 43 Cal.2d 77, 271 P.2d 489 (1954); Saber v. Saber, 146 Mich.App. 108, 379 N.W.2d 478 (1985); Rogers v. Rogers, 169 Mont. 403, 548 P.2d 141 (1976); Appelbe v. Appelbe, 76 N.C.App. 391, 333 S.E.2d 312 (1985).
[2] In many cases reimbursement will only be owed by the owing spouse from the value of his or her share of the community, thus making the recovery dependant on whether there are sufficient community assets. Comment (a) of La. C.C. art. 2365 provides in part as follows:

Article 2365 establishes a distinction between community obligations according to whether they are incurred for the ordinary and customary expenses of the marriage, for the support, maintenance, and education of children in keeping with the economic condition of the community, or for other purposes. When the separate property of a spouse is used to satisfy any community obligation, the spouse is entitled upon termination of the community property regime to reimbursement for one-half of the amount or the value that the property had at the time it was used. In principle, reimbursement may be made only if there are sufficient community assets; there is no obligation for reimbursement from the separate property of the other spouse. However, if the community obligation discharged with separate is one incurred for the ordinary and customary expenses of the marriage, or for the support, maintenance, and education of children, in keeping with the economic condition of the community, there is an obligation for reimbursement even if there are no sufficient community assets. In such a case, reimbursement may be made from the separate property of the other spouse.