| WILLIAMS, Judge.
The defendant, James R. Thomas, appeals a judgment partitioning community property. The trial court assigned a value of $50,000 to the business franchise owned by the community and declined to include as community debt the franchise trade accounts of $3,150. For the following reasons, we affirm.
FACTS
In December 1990, James and Connie Thomas were married in Texas. After defendant lost his job, the couple moved to Shreveport, Louisiana. One child, Jordan Thomas, was born of the marriage in June 1991. The plaintiff, Connie Thomas, filed a petition for divorce on August 2, 1993, terminating the community of acquits and *409 gains formerly existing between the parties. The divorce was granted in June 1994.
During the marriage, the defendant purchased a Pepperidge Farm franchise in the Shreveport area for the price of $50,000. The purchase was financed with loans of $37,500 from Harris Bank and $12,500 from the defendant’s father. The defendant continued to operate the business throughout the marriage and after the parties’ separation. According to the defendant, he later sought to sell the franchise for the original purchase price of $50,000 without success. In September 1995, a buyer was located and the franchise was sold for the amount of $40,000.
In April 1996, the plaintiff filed a petition to partition community property. After a hearing, the trial court issued -written reasons for judgment identifying and assigning values to community assets and liabilities. The trial court assigned a value of $50,000 to the Pepperidge Farm franchise. The court declined to include as community debt the franchise trade accounts of $3,150, which defendant claimed to have paid.
The trial judge found that the total value of community assets was $54,025, and that the total liabilities were $32,245.43. Although the community property 12net value was incorrectly stated, (the correct amount is $21,779.57), the trial court correctly computed each party’s one-half share of the net community property as $10,889.78. After subtracting $750 in assets held by plaintiff and the amount of $1,582.28 in reimbursement owed to defendant, the court rendered judgment ordering defendant to remit to plaintiff an equalizing payment of $8,567.50, with legal interest. The defendant appeals the judgment.
DISCUSSION
The defendant contends the trial court erred in excluding from evidence a document concerning the franchise sale transaction. Defendant argues that the document was admissible as a recorded recollection.
A trial judge’s assessment of the probative value of evidence is accorded great weight and will not be disturbed absent a clear abuse of discretion. Dupree-Simpson Farms v. Helena Chemical Co., 28,739 (La.App.2d Cir.10/30/96), 682 So.2d 838. A recorded recollection is a document concerning a matter about which a witness once had knowledge, but now has insufficient recollection to testify fully, shown to have been made by the witness when the matter was fresh in his memory and to reflect that knowledge correctly. LSA-C.E. art. 803(5).
Here, the defendant sought to introduce into evidence a handwritten sheet of notebook paper as an attempt to establish the sale transaction. Contrary to the defendant’s argument, the document does not satisfy the requirements of a recorded recollection, since the defendant acknowledged that a person other than himself had written part of the information on the paper. Nor does the writing refer to a sale of the franchise, but merely states that defendant signed a check for payment to Harris Bank. In addition, the information contained in the document was cumulative to the evidence presented through the defendant’s testimony. Based upon this record, we cannot say the trial court abused its discretion in excluding the writing from evidence. The defendant’s argument lacks merit.
| sValuation of Assets
The defendant contends the trial court erred in its valuation of the community business franchise. Defendant argues that the business should have been valued at the purported sale price of $40,000.
A judgment of divorce terminates a community property regime retroactively to the date of filing of the divorce petition. LSA-C.C. art. 159. In general, the valuation of community assets is determined at the time of trial on the merits. LSA-R.S. 9:2801(2). A trial court is not required to *410 accept at face value a spouse’s valuation of assets or debts. Reinhardt v. Reinhardt, 31,174 (La.App.2d Cir.1/20/99), 728 So.2d 503, rev’d other grounds, 99-0723 (La.10/19/99), 748 So.2d 423.
A court of appeal should not set aside a trial court’s finding of fact in the absence of manifest error or unless it is clearly wrong. Stobart v. State Dept. of Transp. & Development, 617 So.2d 880 (La.1993). If the trial court’s valuations are reasonably supported by the record and do not constitute an abuse of its discretion, the determination should be affirmed. Sherrod v. Sherrod, 97-907 (La. App. 5th Cir. 3/25/98), 709 So.2d 352, writ denied, 98-1121 (La.6/5/98), 720 So.2d 687.
In the present case, the defendant testified that he sold the Pepperidge Farm franchise for the sum of $40,000 and maintained that the sale was completed in the parking lot of a business center. In an attempt to explain why the franchise was worth less than the original purchase price, defendant testified that he could not find a buyer at the price of $50,000. However, the defendant’s testimony indicates that his efforts to sell the business merely consisted of asking Pepperidge Farm to buy back the franchise and seeking buyers by “word of mouth.”
In his written reasons for judgment, the trial judge noted that because the franchise had been previously sold, it could not be valued as of the time of trial. The testimony shows that defendant bought the franchise for $50,000 in December R1991 and purportedly sold the business at the price of $40,000 in September 1995. Thus, the trial court was presented with two possible values for the franchise. Although the record contains promissory notes reflecting funds borrowed to pay the original purchase price, the defendant did not produce a sales contract or photocopies of checks to establish the subsequent sale price of the franchise. Nor did the defendant submit an appraisal of the franchise’s value.
The trial court heard the testimony and weighed the credibility of the witnesses. The trial judge specifically found that the defendant’s testimony concerning the sale price of the franchise was not credible in light of the lack of documentation transferring title and the irregular process of the transaction described by the defendant. The trial court concluded that the evidence failed to establish that the franchise was worth less than the original purchase price and this determination is supported by the record. Consequently, we cannot say the trial court abused its discretion in assigning a value of $50,000 to the franchise. The assignment of error lacks merit.

Allocation of Debt

The defendant contends the trial court erred in refusing to include the “franchise trade accounts” as community debt in the partition of property. The trial judge is afforded a great deal of latitude in making an equitable distribution of the assets and liabilities between the parties. Sherrod, supra.
In the present case, the defendant testified that Pepperidge Farm was paid approximately $3,150 from the proceeds of the sale in order to satisfy outstanding trade accounts owed by the franchise. However, defendant failed to produce any business records identifying these accounts or indicating when these debts were incurred. Nor did the defendant present a receipt from Pepperidge Farm verifying that payment was made.
The trial court considered the testimony and the lack of documentary | .^evidence presented by the defendant. Based upon this record, we cannot say the trial court was clearly wrong in finding that there was insufficient proof of the validity of the debt. Consequently, the trial court did not abuse its discretion in refusing to consider the franchise trade accounts as a community obligation. The assignment of error lacks merit.
*411 CONCLUSION
For the foregoing reasons, the trial court’s judgment is affirmed. Costs of this appeal are assessed to the appellant, James R. Thomas.
AFFIRMED.