COX, J.
The appeal arises out of the Fourth Judicial District, Ouachita Parish, Louisiana. John C. Laird ("Jack") appeals the trial court's award of damages to Mary Beth Laird ("Beth"). For the following reasons, we affirm in part and amend in part.
FACTS
The factual background leading to this community property dispute between Jack and Beth is detailed in Laird v. Laird , 46,459 (La. App. 2 Cir. 6/22/11), 69 So.3d 1173 ( Laird I ). This suit began with Beth's petition for partition of yet undivided community property. The issues in Laird I were regarding Jack's interest in Chapel Hill, LLC. The Chapel Hill interest is not disputed in the instant appeal because it was settled out of court and voluntarily dismissed from the suit. The only property in dispute in this appeal is the contingency fee earned by Dollar Laird, LLP. The contingency fee of $ 168,117.19 was owed to John C. Laird, A Professional Law Corporation from the litigation in Kemp v. Kansas City Southern Railway . In the community property settlement, signed by the parties on September 29, 2006 and October 11, 2006, Jack was apportioned all interest in Dollar Laird, LLP and John C. Laird, APLC. On June 14, 2007, Beth filed her amended and supplemental ancillary petition for partition of yet undivided community property, alleging the Kemp fee was omitted as a community asset.
The Kemp case was litigated in November 2006 and the fee amounts between the attorneys were resolved after the community property settlement. The contingency fee check was not deposited until 2007. In deposition testimony in 2006, Jack did not mention the Kemp contingency fee when asked about his contingency fee cases. Later, in a 2007 deposition, Jack did disclose the Kemp contingency fee. He testified that he did not mention it in 2006 because he was asked if he personally had any contingency fee cases, which he did not. He stated that Dollar Laird, LLC had *446 contingency cases, but he personally worked for an hourly fee. During the pretrial phase, Beth joined several defendants and amended and supplemented her pleadings four times. After the dismissals, some voluntary, the only remaining issue at the time of the trial was the Kemp contingency fee.
On April 10, 2018, the trial court rendered judgment. The trial court found that the monies attributable to Jack from the Kemp litigation to be a community asset. The trial court treated the suit as a damages suit and awarded Beth "$ 56,039.06, plus legal interest thereon from June 7, 2007, until paid and all costs of these proceedings." The trial court did not determine Jack's actions constituted fraud and denied Beth's claim for reasonable attorney fees. Jack now appeals the trial court's judgment.
DISCUSSION
Jack argues the trial court erred in awarding Beth $ 56,039.06 in connection with the Kemp fee; not deducting the overhead percentage from the fee and the income taxes paid on it; finding that Jack owes Beth interest from the date of demand; taxing Jack with the costs of litigation; and, dismissing Jack's claim for reimbursement of overpaid child support.
Damages Award
Jack contends that Beth filed a claim asserting community assets were omitted, but that those assets are not stand-alone community assets because they are owned by the community entities. He claims the Kemp fee was paid to and owned by the law firms, and it is not an asset of the community in and of itself. He argues the Kemp fee is an award owned by a community property entity, of which he was given full ownership in the property settlement. For these reasons, Jack argues Beth is not entitled to any award in connection with the Kemp litigation.
A final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings and the latter contains no prayer for general and equitable relief. La. C.C.P. art 862. Article 862 permits courts to render substantive justice on the basis of facts pled and to refuse to permit a denial of substantive rights due to technical defects of language or characterization of the case. So long as the facts constituting the claim or defense have been alleged and proved, the party may be granted any relief to which he is entitled under the fact pleadings and evidence, when the due process requirement of adequate notice to the parties of the matters to be adjudicated has been satisfied. Miller v. Thibeaux , 2014-1107 (La. 1/28/15), 159 So.3d 426.
An appellate court may disturb a damage award only when the record clearly reveals that the trial court abused its discretion in making the award, based on the facts and circumstances peculiar to the case and the individual under consideration. Baw v. Paulson , 50,707 (La. App. 2 Cir. 6/29/16), 198 So.3d 186.
Based on Article 862, the trial court was within its discretion to award Beth damages in connection to the Kemp fee. Beth's petition alleged that Jack received a portion of the Kemp fee after stating he did not have any contingency fee contracts. She requested that the court grant her the appropriate fee and interest from the Kemp fee. Based on the facts pled, Jack was given adequate notice that the litigation concerned his undisclosed portion of the Kemp fee.
The trial court stated that the nondisclosure of the outstanding contingency fee contract caused the community asset to be *447 undervalued. The trial court determined that Beth was damaged to the extent that the fee was undisclosed during the community property settlement, and the outcome of the settlement would have been different had Jack disclosed the fee. Therefore, it was within the trial court's discretion to render justice on behalf of Beth based on the facts pled in the petition.
The trial court awarded Beth damages based on the undervalued community asset. The asset was undervalued about $ 168,000, the amount of the undisclosed Kemp fee. The trial court did not simply divide the undervalued amount in half. Instead, the trial court awarded Beth one-third of that amount. Jack argues the award should have been further reduced by the taxes and the law firm's overhead costs. Had Beth been awarded half of the fee amount, we might be inclined to agree. However, Beth's award has already been reduced from one-half to one-third. We find the trial court was within its discretion in awarding Beth $ 56,039.06, and affirm the award. This argument lacks merit.
Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable. La. C.C.P. art. 1920. The trial court's assessment of costs should only be reversed upon a showing of abuse of discretion. Johnson v. European Motors-Ali , 48,513 (La. App. 2 Cir. 11/20/13), 129 So.3d 697, writ denied , 2013-2964 (La. 2/28/14), 134 So.3d 1178. We do not find that the trial court abused its discretion in casting costs to Jack. After all, it was Jack who failed to disclose assets in the community property settlement, prompting the additional litigation. This argument lacks merit.
We do find merit in Jack's argument that interest should begin to run from the date of judgment. As stated previously, this suit arises from undisclosed assets at the time of the community property settlement. We find this case to be analogous to the equalizing payments in Reinhardt v. Reinhardt , 99-0723 (La. 10/19/99), 748 So.2d 423. In the case before us, an undisclosed asset caused an increase in the value of Jack's portion of the community property settlement. This undisclosed asset created an unequal division of the property, leading the trial court to award damages to Beth. Thus, as in Reinhardt, supra , we find the interest is not due until the judgment. We reverse the portion of the judgment stating interest begins on the date of demand and amend it to state interest begins to run at the date of judgment.
Child Support
Finally, we come to the portion of the judgment dismissing Jack's claim for overpayment of child support. Jack claims the child support calculation contained an error because Beth's spousal support was not included in her income. According to La. R.S. 9:315, gross income means:
The income from any source, including but not limited to salaries, wages, commissions, bonuses, dividends, severance pay, pensions, interest, trust income, recurring monetary gifts, annuities, capital gains, social security benefits, workers' compensation benefits, basic and variable allowances for housing and subsistence from military pay and benefits, unemployment insurance benefits, disaster unemployment assistance received from the United States Department of Labor, disability insurance benefits, and spousal support received from a preexisting spousal support obligation (Emphasis added).
An appellate court may not set aside a trial court's finding of fact in the absence of manifest error or unless it is clearly *448 wrong. Chauvin v. Chauvin , 46,365 (La. App. 2 Cir. 6/22/11), 69 So.3d 1192.
Gross income includes the income from a previous spousal support, not a current spousal support obligation. Given the lack of evidence presented by Jack, we cannot find the trial court was manifestly erroneous in its decision to dismiss Jack's child support claim. This argument lacks merit.
Beth's Claim of Attorney Fees
Beth claims she is entitled to attorney fees based on the fraud committed by Jack in misrepresenting the truth about his contingency fee. The trial court stated that it did not find that Jack committed fraud regarding the misrepresentation of assets. Therefore, the trial court did not err in refusing to award attorney fees based on fraud. Beth's assignment of error lacks merit.
CONCLUSION
For the foregoing reasons, we reverse the ruling that interest begins to run from the date of demand. We amend that portion of the judgment to state that interest begins at the date of judgment. We affirm the remainder of the trial court's judgment. The costs of this appeal will be split evenly between the parties.
AFFIRMED IN PART; AMENDED IN PART.